SLR:LDM:MDH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re the Seizure of:

ANY AND ALL FUNDS ON DEPOSIT IN TD BANK, NA ACCOUNT NUMBER 7922433730 HELD IN THE NAME OF ABSOLUTE BAGELS INC., UP TO AND INCLUDING THE SUM OF FIVE HUNDRED SEVENTEEN THOUSAND DOLLARS AND NO CENTS ($517,000.00) IN UNITED STATES CURRENCY, AND ALL PROCEEDS TRACEABLE THERETO.

------------------------------------------------------------X

**13 M 450**

**AFFIDAVIT OF RAIZEL MOSKOWITZ IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT**

EASTERN DISTRICT OF NEW YORK, SS:

RAIZEL MOSKOWITZ, being duly sworn, deposes and states as follows:

1. I am a Special Agent with the Department of Treasury, Internal Revenue Service, Criminal Investigation ("IRS-CI") in the New York Field Office. I began my law enforcement career as a Special Agent with IRS-CI in June 2009. Since that time, I have participated in the investigation of violations of the Internal Revenue Laws (codified in Title 26, United States Code), the Bank Secrecy Act (codified in Title 31, United States Code), the Money Laundering Control Act (codified in Title 18, United States Code) and related offenses.

2. This affidavit is made in support of an application for a seizure warrant for any and all funds on deposit in TD Bank, NA account number 7922433730 held in the name of Absolute Bagels, Inc. (the "Subject Account"), up to and including the sum of $517,000.00 in United States currency, and all proceeds traceable thereto. TD Bank, NA maintains branch locations within the Eastern District of New York which, among other functions, accept seizure warrants and other legal process directed to accounts held at TD Bank, NA.

3. The facts and information in this affidavit are based upon my personal knowledge, the observations of other law enforcement personnel involved in this investigation, and the review of bank records.

4. Because this affidavit is submitted solely for the purpose of obtaining a warrant to seize certain funds on deposit in the Subject Account as set forth below, it does not include each and every fact and matter observed by me or known to the government. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the seizure warrant sought herein.

## STATUTORY AND REGULATORY FRAMEWORK

5. Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including banks, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution. CTRs are filed with the Financial Crimes Enforcement Network ("FinCEN") on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed. These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person and they result in currency either received or disbursed by the financial institution totaling more than $10,000.00 during any single business day.

6. Based on my training and experience, many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering are aware of the

reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000.01 on the same day or consecutive days in order to avoid the filing of CTRs. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

7. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to cause or attempt to cause a domestic financial institution to fail to file a CTR or to structure or assist in structuring any transaction for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

8. Further, 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of 31 U.S.C. § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

9. In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense. Any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## INVESTIGATORY BACKGROUND

10. Absolute Bagels, Inc. ("Absolute Bagels") is a retail shop which sells bagels and related food items located at 2788 Broadway, New York, N.Y. 10025. According to bank and public records, Samak Thongkrieng ("Thongkrieng") is the Chief Executive Officer of Absolute Bagels. Thongkrieng and Supavon Sanehpan are the sole signatories on the Subject Account.

11. Based on the government's investigation, as detailed below, the Subject Account has been involved in structuring activity aggregating to approximately $1,163,880.00 during the period from in or around May 2011 through in or around January 2013. The amount of currency

structured into the Subject Account within the past year, beginning on or about August 2, 2012 through on or about January 11, 2013, totals approximately $517,000.00.

**Prior Structuring Activity at JP Morgan Chase**

12. In addition to the Subject Account, Absolute Bagels previously maintained a business checking account at JP Morgan Chase Bank ("JP Morgan Chase"). A review of documents concerning the account at JP Morgan Chase (the "Chase Account") revealed that, from in or around September 2006 through in or around September 2007, the Chase Account was involved in structuring activity totaling approximately $932,500.00.

13. In or around June and July 2007, JP Morgan Chase advised Absolute Bagels of the CTR requirements and notified it of suspected structuring activity in the Chase Account. Specifically, a JP Morgan Chase representative spoke with Thongkrieng, advising him of the CTR requirements and notifying him that the suspected structuring activity could not continue. JP Morgan Chase reiterated this in writing and further advised that attempting to avoid the CTR requirement is a violation of the law. JP Morgan Chase also advised Thongkrieng that the Chase Account might be closed by the bank if the suspected structuring activity continued. Notwithstanding JP Morgan Chase's multiple admonitions, the structuring activity continued and, as a result, JP Morgan Chase closed the Chase Account.

14. Although the Chase Account is not the subject of this seizure warrant, it further demonstrates that probable cause exists to believe the principals of Absolute Bagels were aware of the CTR filing requirements when cash was subsequently structured into the Subject Account.

**Structuring Activity at TD Bank During the Past Year**

15. The Subject Account was opened in or around October 2007. Based on a review of the bank records that were obtained during the course of the investigation, during the period from on or about August 2, 2012 through on or about January 10, 2013, there were approximately sixty-six (66) structured cash deposits into the Subject Account totaling approximately $517,000.00.

16. As reflected below, many of the deposits were made on either the same or consecutive days, and all of the deposits were in amounts of less than $10,000.01, the threshold amount that would have triggered the filing of a CTR. While none of the cash deposits during this period of time were in excess of $10,000.00, there were a number of instances (highlighted in bold on the chart below) where multiple deposits were made on the same business day. Those deposits triggered the filing of "multiple transaction" CTRs by TD Bank.[1]

17. The chart below sets forth the date, day and amount of the structured cash deposits into the Subject Account during the period from on or about August 2, 2012 through on or about January 11, 2013, and reflects approximately sixty-six (66) structured cash deposits totaling approximately $517,000.00.

---

[1] A "multiple transaction" CTR is typically filed by a financial institution without the customer's knowledge when the customer conducts more than one cash deposit or withdrawal transaction on the same day and the aggregate of such deposits or withdrawals exceeds $10,000.00.

| DATE | DAY OF WEEK | AMOUNT |
|---|---|---|
| August 2, 2012 | Thursday | $7,000.00 |
| August 3, 2012 | Friday | $8,000.00 |
|  |  |  |
| August 9, 2012 | Thursday | $8,000.00 |
| August 10, 2012 | Friday | $8,000.00 |
|  |  |  |
| August 13, 2012 | Monday | $8,000.00 |
| August 15, 2012 | Wednesday | $8,000.00 |
| August 17, 2012 | Friday | $8,000.00 |
|  |  |  |
| August 20, 2012 | Monday | $8,000.00 |
| August 22, 2012 | Wednesday | $7,000.00 |
| August 24, 2012 | Friday | $8,000.00 |
|  |  |  |
| August 27, 2012 | Monday | $8,000.00 |
| August 29, 2012 | Wednesday | $7,000.00 |
| August 31, 2012 | Friday | $8,000.00 |
|  |  |  |
| September 4, 2012 | Tuesday | $8,000.00 |
| September 5, 2012 | Wednesday | $8,000.00 |
| September 7, 2012 | Friday | $8,000.00 |
|  |  |  |
| September 10, 2012 | Monday | $8,000.00 |
| September 11, 2012 | Tuesday | $8,000.00 |
| September 20, 2012 | Thursday | $8,000.00 |
| September 21, 2012 | Friday | $8,000.00 |
|  |  |  |
| September 24, 2012 | Monday | $8,000.00 |
| September 25, 2012 | Tuesday | $8,000.00 |
| September 27, 2012 | Thursday | $5,000.00 |
| September 28, 2012 | Friday | $8,000.00 |
|  |  |  |
| October 4, 2012 | Thursday | $8,000.00 |
| October 5, 2012 | Friday | $8,000.00 |
|  |  |  |
| **October 9, 2012** | **Tuesday** | **$8,000.00** |
| **October 9, 2012** | **Tuesday** | **$8,000.00** |
|  |  |  |
| October 18, 2012 | Thursday | $8,000.00 |
| October 19, 2012 | Friday | $8,000.00 |

| DATE | DAY OF WEEK | AMOUNT |
|---|---|---|
| October 25, 2012 | Thursday | $8,000.00 |
| October 26, 2012 | Friday | $8,000.00 |
| | | |
| **November 1, 2012** | **Thursday** | **$8,000.00** |
| **November 1, 2012** | **Thursday** | **$8,000.00** |
| November 2, 2012 | Friday | $8,000.00 |
| | | |
| **November 5, 2012** | **Monday** | **$8,000.00** |
| **November 5, 2012** | **Monday** | **$8,000.00** |
| November 7, 2012 | Wednesday | $8,000.00 |
| November 9, 2012 | Friday | $8,000.00 |
| | | |
| November 13, 2012 | Tuesday | $8,000.00 |
| November 14, 2012 | Wednesday | $8,000.00 |
| | | |
| November 19, 2012 | Monday | $8,000.00 |
| November 21, 2012 | Wednesday | $8,000.00 |
| November 23, 2012 | Friday | $8,000.00 |
| | | |
| November 26, 2012 | Monday | $8,000.00 |
| November 27, 2012 | Tuesday | $8,000.00 |
| November 29, 2012 | Thursday | $8,000.00 |
| November 30, 2012 | Friday | $8,000.00 |
| | | |
| December 3, 2012 | Monday | $8,000.00 |
| December 5, 2012 | Wednesday | $8,000.00 |
| December 7, 2012 | Friday | $8,000.00 |
| | | |
| December 10, 2012 | Monday | $8,000.00 |
| December 12, 2012 | Wednesday | $8,000.00 |
| December 14, 2012 | Friday | $8,000.00 |
| | | |
| December 17, 2012 | Monday | $8,000.00 |
| December 19, 2012 | Wednesday | $6,000.00 |
| December 21, 2012 | Friday | $8,000.00 |
| | | |
| **December 24, 2012** | **Monday** | **$8,000.00** |
| **December 24, 2012** | **Monday** | **$6,000.00** |
| December 26, 2012 | Wednesday | $7,000.00 |
| December 28, 2012 | Friday | $8,000.00 |

| DATE | DAY OF WEEK | AMOUNT |
|---|---|---|
| December 31, 2012 | Monday | $8,000.00 |
| January 2, 2013 | Wednesday | $8,000.00 |
| January 4, 2013 | Friday | $8,000.00 |
| | | |
| January 10, 2013 | Thursday | $8,000.00 |
| January 11, 2013 | Friday | $8,000.00 |
| | | |
| **TOTAL:** | | **$517,000.00** |

18.  Based on my training and experience, the pattern of consecutive or same day cash deposits as reflected above, most of which are just below the threshold requiring the filing of a CTR, is consistent with structuring.

## CONCLUSION

19.  Based on the foregoing investigation, there is probable cause to believe the Subject Account was involved in structuring activity in the amount of approximately $517,000.00, from in or around August 2012 through in or around January 2013, in violation of 31 U.S.C. § 5324.

20.  As such, there is probable cause to believe that all funds on deposit in the Subject Account up to and including the sum of $517,000.00, and all proceeds traceable thereto, are subject to forfeiture pursuant to 31 U.S.C. § 5317 and 18 U.S.C. § 984. Accordingly, a warrant is sought for that amount.

21.  Accordingly, I respectfully request that the Court issue a warrant, pursuant to 18 U.S.C. § 981(b), authorizing the seizure of any and all funds in the Subject Account, up to and

including the amount of $517,000.00.

Dated: Brooklyn, New York
       May 29, 2013

                                              Raizel Moskowitz
                                              Special Agent
                                              Internal Revenue Service

Sworn and subscribed to before me this
29th day of May 2013.

HONOR.
UNITED                DGE
EASTER                K